# NOT FOR PUBLICATION

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.
★ MAR 4 - 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

UMAR IQBAL,

        Plaintiff,

  -against-

ERIC HOLDER, et al.,

        Defendants.

----------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

09 cv 5695 (BMC)

**COGAN**, District Judge.

Plaintiff brought this action pursuant to 8 U.S.C. §1447(b), requesting a hearing before a district court on defendants' failure to act on his naturalization application for more than 120 days. Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as the United States Citizenship and Immigration Services ("USCIS") has already rendered a decision denying plaintiff's application; or alternatively, argues that this action is moot.[1] For the reasons discussed below, this Court grants defendants' motion to dismiss.

## BACKGROUND

On November 21, 2005, plaintiff's naturalization examination and interview began. He disclosed that he had been arrested and pled guilty to disorderly conduct in 2004. After the interview, background, and security checks, the Immigration and Naturalization Service (the

---

[1] This Court, by order of February 4, 2010, directed plaintiff to file an opposition to defendants' motion by February 19, 2010; however, plaintiff has failed to do so. Furthermore, as this Court grants defendants' motion under Rule 12(b)(6), it need not address whether this action is moot under 28 U.S.C. § 1361 or 5 U.S.C. § 551.

"Service") discovered that plaintiff had also been arrested for theft in 2007. The Service requested that plaintiff appear again on November 1, 2007, and submit court dispositions of all arrests. When plaintiff appeared, he only provided another disposition for the 2004 arrest because, he claimed, his 2007 arrest was still pending. By decision dated November 26, 2007, USCIS rejected plaintiff's naturalization request for lack of good moral character.[2]

On December 28, 2007, plaintiff challenged that decision by filing a Request for Hearing on a Decision in Naturalization Proceedings (the "Appeal") under Section 336 of the Immigration and Nationality Act.[3] While his Appeal was pending, plaintiff filed the present action requesting a hearing before this Court pursuant to Section 1447(b). On February 2, 2010, USCIS rendered a decision on the Appeal and reaffirmed its denial of plaintiff's application for naturalization.

## DISCUSSION

In deciding a motion to dismiss under Rule 12(b)(6), this Court "accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Management LLC, 07-cv-5125, 2010 WL 520896, *3 (2d Cir. Feb. 16, 2010). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007); accord Ashcroft v. Iqbal, ---U.S. ----, 129 S. Ct. 1937, 1949-50 (2009)).

---

[2] Plaintiff filed a previous action seeking to compel USCIS to issue this initial decision, which was dismissed by stipulation of the parties in 2008. Iqbal v. Chertoff, 06-cv-00569 (LDW) (E.D.N.Y. March 18, 2008).

[3] Plaintiff notes in his complaint that he attended an interview with USCIS on April 28, 2008. This interview was in connection with his Appeal and not his initial application.

2

Applicants for naturalization are subject to an investigation and examination by the Service, as provided under 8 U.S.C. § 1446. If, after an examination under Section 1446, an applicant's application is denied or delayed, Section 1447 provides two options:

> (a) Request for hearing before immigration officer
>
> If, after an examination under section 1446 of this title, an application for naturalization is denied, the applicant may request a hearing before an immigration officer.
>
> (b) Request for hearing before district court
>
> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447. "If USCIS does not render a decision for more than 120 days after the initial examination, Section 1447(b) provides for judicial intervention at the election of the naturalization applicant." Bustamante v. Napolitano, 582 F.3d 403, 406 (2d Cir. 2009). Thus, a "district court's jurisdiction under Section 1447(b) vests with a naturalization applicant's petition for a hearing in the absence of a timely decision by USCIS." Id.

The plain language of Section 1447(b) makes clear that a plaintiff can only seek a hearing in a district court if the USCIS has *not* made a determination regarding his naturalization application. In this case, USCIS rendered a decision denying his application on November 26, 2007. Plaintiff did not commence the present action requesting a hearing until December 30, 2009 – more than two years after a determination was made as to his application.[4]

---

[4] As USCIS already issued a decision on the initial application, this Court does not need to address its timeliness.

3

Plaintiff mistakenly construes Section 1447(b) as applying to his Appeal; however, an applicant can only exercise his options under this statute after an examination is conducted for the initial application. The statute's remedies are not available to an applicant after the USCIS has rendered an initial decision and, as in this case, takes a lengthy period of time to render a decision on appeal. Moreover, plaintiff did exercise his options under Section 1447(a) when he requested a hearing on December 28, 2007. However, a hearing under Section 1447(a) is not governed by the 120-day time frame referenced in Section 1447(b).

## CONCLUSION

Accordingly, defendants' motion to dismiss is granted. The Clerk is directed to enter judgment in favor of defendants.

**SO ORDERED.**

/s/(BMC)
U.S.D.J.

Dated: Brooklyn, New York
March 3, 2009

4